ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-5710
   Facsimile:  (213) 894-7177
   E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>THREE NISSAN SKYLINES AND ONE NISSAN SILVIA,<br><br>      Defendants.<br><br>BRIAN STYLES,<br><br>      Claimant. | No. CV 12-10906-CBM (MANx)<br><br>**CONSENT JUDGMENT [JS-6]** |

On December 21, 2012, plaintiff United States of America ("plaintiff" or the "government") filed a Complaint for Forfeiture against Three Nissan Skylines and One Nissan Silvia.  The government alleged that the vehicles were subject to forfeiture pursuant to 19 U.S.C. § 1595a.

On March 5, 2013, Claimant filed a claim to the defendant (A) Three Nissan Skylines (consisting of One silver 1999 Nissan Skyline BNR34-003830, One silver 2002 Nissan Skyline BNR34-403964 and One white 2001 Nissan Skyline BNR34-402731), and (B) One Nissan Silvia (more particularly described as a white 2000 Nissan Silvia S15-020452) ("Exported Defendants") and on April 16, 2013, an Answer. No other claims have been filed and the time for filing claims and answers has expired.

The government and Claimant have agreed to settle this forfeiture action and to avoid further litigation.  The Court having been duly advised of and having considered the matter, and based upon the consent of plaintiff and Claimant,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.   The Complaint for Forfeiture states claims for relief pursuant to 19 U.S.C. § 1595a.

3.   Notice of this action has been given in accordance with law.  All potential claimants to the Exported Defendants other than Claimant are deemed to have admitted the allegations of the Complaint.  The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

4.   Within 30 days of the effective date of this Judgment Claimant shall pay a total of $31,500 as an amount in lieu of forfeiture of One Silver 2002 Nissan Skyline BNR34-403964 and One White 2001 Nissan Skyline BNR34-402731 ("Exported Defendants"). Such payment shall be made by cashier's check or money order payable to U.S. Customs and Border Protection and sent to: Fines, Penalties,

1  & Forfeitures Office, 301 East Ocean Blvd., Ninth Floor, Long Beach
2  CA 90802.  The cashier's check or money order shall include FP&F
3  number 2008-2705-000042.  If Claimant fails to make the payments as
4  and when required by this paragraph, he shall be deemed to have
5  waived all of his right, title, claims and interest in and to the
6  Exported Defendants and consents to the administrative forfeiture of
7  the Exported Defendants with no further notice.
8       5.   Upon completion of the payment specified in Paragraph 4,
9  Claimant shall promptly make arrangements for the exportation of the
10 Exported Defendants by a bonded carrier from the seaport of Los
11 Angeles/Long Beach California, United States, to a country that is
12 non-contiguous with the United States.  The Exported Defendants must
13 physically leave the United States and cannot be placed into a
14 Foreign Trade Zone, customs bonded warehouse, or similar location
15 within the United States.  Within 30 days of the effective date of
16 this Judgment and prior to presentation to the Export Desk, Claimant
17 shall present the Immediate Exportation Entry (CBP Form 7512) with
18 an annotation in the body of the form stating "SEIZURE- FOR EXPORT
19 ONLY" and all necessary and appropriate documents to CBP LA/LB
20 Seaport Import Specialist Team 739 for review, with a copy to FP&F.
21 Within 30 days of approval of the CBP Form 7512 by Team 739,
22 Claimant shall file the Immediate Exportation Entry (CBP Form 7512)
23 and all necessary and appropriate paperwork with the agency's Export
24 Desk.  Within 30 days after the Immediate Exportation Entry (CBP
25 Form 7512) has been approved by the Export Desk, Claimant must
26 provide a complete and accurate copy of the approved export
27 documents, including CBP Form 7512, to the seized property
28 contractor, with a copy to FP&F.  Simultaneously, Claimant shall

satisfy all liens against the Exported Defendants and pay to the seized property contractor all seizure and storage-related costs.

6. After completion of the actions and payments specified in Paragraph 4, CBP shall initiate release of the Exported Defendants to Claimant for immediate exportation from the United States to a non-contiguous country. Once released, the Exported Defendants must be immediately exported to a non-contiguous country under the terms of this agreement. The Exported Defendants cannot be placed into a Foreign Trade Zone, customs bonded warehouse, or similar location inside the United States. As proof of export, Claimant must provide a copy of the export bill of lading to FP&F. Claimant must also clearly identify the booking number and vessel used to export the seized property.

7. Claimant must make the necessary arrangements to ensure that the Exported Defendants are physically exported from the United States no later than 30 days after CBP issues the disposition order notifying the contract storage facility that the vehicles may be released for exportation. If the Exported Defendants are not exported within 30 days after CBP issues the disposition order notifying the contract storage facility that the Exported Defendants may be released for exportation, then Claimant waives all of his right, title, claims and interest in the Exported Defendants and in any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the Exported Defendants with no further notice. The time limits set forth herein may not be extended unless a written request for an extension is submitted by Claimant and written approval is obtained from the agency before expiration of the applicable time limits.

8.   If the Exported Defendants remain in storage for any amount of time after the date arranged by the contract storage facility for Claimant to export the Exported Defendants, Claimant shall be responsible for additional storage costs as determined by the contract storage facility.  Such costs shall be paid directly to the contract storage facility, and the contract storage facility shall not release the Exported Defendants unless and until Claimant pays any additional accrued storage costs.

9.   If the Exported Defendants remain in storage for any amount of time after the date arranged by the contract storage facility for Claimant to export the Exported Defendants, Claimant shall be responsible for additional storage costs as determined by the contract storage facility.  Such costs shall be paid directly to the contract storage facility, and the contract storage facility shall not release the defendants unless and until Claimant pays any additional accrued storage costs.

10.  Claimant will provide to FP&F a copy of the on-board bill of lading(s) within 30 days of receipt by the carrier of the defendants for export from the United States.  In addition, Claimant agrees that it will provide to FP&F, within 30 days of its occurrence, proof of arrival and unlading of the defendants in the country to which it is exported or the first country in which the defendants are unladen after its export from the United States.

11.  Claimant will not import the defendants to the United States or any of its territories.  Claimant bears the risk of any denial or refusal of entry of the defendants into a foreign country or territory.  If the defendants are returned to the United States or any of its territories for any reason, they shall be seized and

Claimant waives all of his rights, titles, claims and interests in the defendants and any other merchandise used to facilitate the reintroduction of the defendants, as well as his rights, titles, claims and interests to any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the defendants and any facilitating property with no further notice.

12.   Claimant hereby releases and forever discharges the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, from any and all actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Claimant, his heirs, successors, or assigns, ever had, now has, or may have in the future in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendants in this case.

13.   Claimant shall hold and save the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, harmless from, and indemnify for, any and all lawsuits or claims of any character whatsoever by any others, including costs and expenses for or on account of such lawsuits or claims, in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendants in this case.

14.   By entering this consent judgment Claimant withdraws his request to proceed to judicial forfeiture of the defendants. Claimant waives and relinquishes all rights to contest this case, including all judicial review of the seizure and forfeiture of the defendants.  Any breach of the terms of this consent judgment shall

enable CBP to proceed with the administrative forfeiture of the defendants without any further notice to Claimant.

15.   The United States of America shall have judgment as to One silver 1999 Nissan Skyline BNR34-003830 and One Nissan Silvia (more particularly described as a white 2000 Nissan Silvia S15-020452) and no other person or entity shall have any right, title or interest therein.

16.   The government had probable cause for the seizure and forfeiture of the Exported Defendants.  The government and Claimant shall each bear its own attorney's fees and costs, if any, and waives any rights to any appeal of this action.

//

//

//

//

17. The Court finds that there was reasonable cause for the seizure of the Exported Defendants and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: September 8, 2014

_____
HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

**PRESENTED BY:**

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


_____/S/_____
FRANK D. KORTUM
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

8